IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
December 12, 2017 Session

**STATE OF TENNESSEE v. LARRY E. OROZCO**

**Appeal from the Circuit Court for Rutherford County
No. F-72737B          Paul G. Summers, Senior Judge**

**No. M2017-00327-CCA-R3-CD**

NORMA MCGEE OGLE, J., concurring in part and dissenting in part.

I join the majority in affirming the Defendant's convictions for two counts of attempted second degree murder, two counts of unlawful employment of a firearm during the attempt to commit a dangerous felony, and seven counts of reckless endangerment committed with a deadly weapon. I write separately to dissent from the majority's conclusion that the trial court did not err by admitting exhibit 13, the photograph showing the Defendant pointing two handguns at the camera, into evidence.

First, the majority concludes that the photograph was relevant because it shows the Defendant "brandishing a similar gun as used in the offense" and "demonstrates the Defendant's familiarity with and dominion over the guns." However, Detective Monroe could not say that the guns in the photograph were the same guns used during the crimes, and the Defendant's familiarity with and dominion over guns was not at issue in the case. Therefore, I do not think the photograph was relevant.

The majority also concludes that the photograph was not excludable under Tennessee Rule of Evidence 404(b) because "possession of a handgun is not a 'bad act' requiring the application" of the Rule. The photograph in this case, though, shows much more than the Defendant merely possessing two handguns. It shows the Defendant standing with his arms outstretched in front of him, holding a gun in each hand, and with his legs slightly apart. The guns are pointed directly at the camera. The Defendant is wearing a toboggan; a white tank top; a gold chain around his neck; and black pants pulled down to his groin, exposing silver underpants. He has a menacing stance and expression, and the photograph certainly could be a reference to gang affiliation, which the trial court had prohibited. Moreover, I am puzzled as to how the majority could say the photograph is not prejudicial. In my view, the photograph is disturbing and,

therefore, highly prejudicial.

In sum, I would have concluded that exhibit 13 was irrelevant under the definition of relevant evidence in Tennessee Rule of Evidence 401. I also would have concluded that the photograph fell under the purview of Tennessee Rule of Evidence 404(b) as a prior bad act and was inadmissible under that Rule. Nevertheless, I have no doubt that the trial court's error in admitting the photograph was harmless. By my count, five eyewitnesses identified the Defendant as the shooter in photograph arrays after the shooting. Those eyewitnesses and additional eyewitnesses testified at trial as to the Defendant's being one of the shooters. The evidence against him was overwhelming, and he is not entitled to relief.

_____
NORMA MCGEE OGLE, JUDGE